UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-109-KAC-DCP |
| | ) | |
| MARCWELL MACK MCCOY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Marcwell Mack McCoy's Motion to Continue Plea Deadline and Trial [Doc. 19], filed on December 29, 2025.

Defendant requests the Court to continue the trial, set for January 27, 2026, and the plea deadline, set for December 29, 2025 [*Id.* at 1]. In support of his motion, Defendant states that "the [G]overnment is continuing to seek supervisory guidance as to whether the Petite Policy should apply to [Defendant's] case" [*Id.* ¶ 2]. The motion reflects that Defendant's counsel and the Government are in good communication, but require additional time to negotiate a potential resolution [*Id.* ¶ 3]. Defendant understands that the period of time between the filing of this motion and a rescheduled court date will be fully excludable time for speedy trial purposes [*Id.* ¶ 5]. The Government filed its position on the motion to continue and stated it did not oppose the continuance requested [Doc. 20 p. 1].

Based on the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A).

In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). In consideration of these factors, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant needs the additional time to conduct negotiations, consider a plea, and if that is not fruitful, otherwise prepare for trial. The Court finds that all of this cannot occur before the January 27, 2026 trial date.

The Court therefore **GRANTS** Defendant Marcwell Mack McCoy's Motion to Continue Plea Deadline and Trial [**Doc. 19**]. The trial of this case is reset to **March 31, 2026**. A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on December 29, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Marcwell Mack McCoy's Motion to Continue Plea Deadline and Trial [**Doc. 19**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 31, 2026, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **December 29, 2025**, and the new trial date of **March 31, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 2, 2026**;

(5) the deadline for filing motions *in limine* is **March 16, 2026**. Responses to motions *in limine* are due on or before **March 24, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 12, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 20, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge