UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:25-CR-109-KAC-DCP ) ) |
| MARCWELL MACK MCCOY, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Marcwell Mack McCoy's Motion for a Protective Order [Doc. 18]. *See* 28 U.S.C. § 636(b). Defendant McCoy is charged with being a felon in possession of a firearm [Doc. 3]. This case is set for trial on March 31, 2026 [Doc. 22]. Defendant has filed a Notice of Intent to Plead Guilty [Doc. 30], and the Government has filed a factual basis [Doc. 31]. Pursuant to Federal Rule of Criminal Procedure 17(c)(2), Defendant asks the Court to modify a subpoena duces tecum for records from the Tennessee Department of Children's Services ("DCS") by entering a protective order requiring confidentiality of the records and protection of the names of non-related minors, victim information, and other privileged information. Defendant represents that he subpoenaed DCS records "pertaining to his involvement with DCS which may include any medical records, mental health records, Tennessee Family and Child Tracking System (TFACTS) notes and entries, expert witness reports, and all other records" [Doc. 18 p. 1]. Defendant contends that these records are necessary to prepare for his sentencing hearing [*Id*. at 3]. He states that due to the confidentiality requirements of Tennessee law, DCS agrees to provide the materials responsive to the request provided (1) they are appropriate for disclosure under Federal Rules of Criminal Procedure and (2) redactions are made to protect "any other minor identified, any victim information, or any material that may be subject to privilege"

[*Id.* at 1]. The Government has no objection to DCS producing these records pursuant to an agreed protective order [*Id.* at 1–2]. [1]

Federal Rule of Criminal Procedure 17(c)(1) provides, "[a] subpoena may order [a] witness to produce any books, papers, documents, data, or other objects the subpoena designates." "A subpoena duces tecum must be reasonable, specific, and the documents requested must be relevant." *United States v. Justice,* 14 F. App'x 426, 433 (6th Cir. 2001). Importantly, Rule 17(c) is not intended to be used as a discovery device. *United States v. Nixon*, 418 U.S. 683, 702 (1974); *see also United States v. Vassar,* 346 F. App'x 17, 24 (6th Cir. 2009); *Justice*, 14 F. App'x at 432. Instead, as the plain language of the rule states, the items designated in a subpoena duces tecum are to be produced *for entry into evidence*, even though the court may permit their production and inspection by the parties before the trial or proceeding at which they are to be introduced. Fed. R. Crim. P. 17(c)(1). The materials sought through a subpoena duces tecum must be returned in open court or produced to the Court in advance of a proceeding. *United States v. Al-Amin*, No. 1:12–CR–50, 2013 WL 3865079, at *9–10 (E.D. Tenn. July 25, 2013) (observing that materials obtained through a subpoena duces tecum may not be returned to counsel's office).

---

[1] Upon receipt of Defendant McCoy's motion for a protective order, the Court entered an Order directing Defendant to file a supplement as to whether the subpoena requests information under the Federal Rule of Criminal Procedure 17(c)(3), and if so, whether the required notice has been given [Doc. 23]. Defendant McCoy filed a Supplement to Defendant's Motion for a Protective Order and stated that "Assistant Attorney General Martin confirmed that the subpoenaed records do not contain information that invoke Federal Rule of Criminal Procedure 17(c)(3) that would not already be redacted under the proposed Protective Order" [Doc. 25 p. 2].

The Court then contacted Defendant McCoy and the Government and requested additional clarifying information regarding whether the unredacted records contain the personal or confidential information of a person who would be a victim under Rule 17(c)(3). Defendant McCoy subsequently filed a Second Supplement to Defendant's Motion for a Protective Order and stated that "[u]pon further review of the law, Assistant Attorney General Martin confirmed that the subpoenaed records do not contain information that invoke Federal Rule of Criminal Procedure 17(c)(3)" [Doc. 27 p. 1].

2

Although the scope of production anticipated under Rule 17(c)(1) is broad, the Court may quash or modify a Rule 17(c)(1) subpoena after issuing it if compliance "would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2); *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951) ("The court may control the use of Rule 17(c) . . . by its power to rule on motions to quash or modify."). "The four factors established by *United States v. Nixon* must be met to enforce the subpoena and 'require production' of subpoenaed documents." *United States v. You*, No. 2:19-CR-14, 2024 WL 1404378, at *5 (E.D. Tenn. Apr. 1, 2024) (quoting *Nixon*, 418 U.S. at 699). The Sixth Circuit has held that "Rule 17(c) subpoenas are available for use at sentencing." *Id.* at *2 (citing *United States v. Cauthon*, No. 19-5613, 2020 WL 13556553 (6th Cir. Jan. 7, 2020); *United States v. Wheeler*, No. 06-09, 2007 WL 9709920, at *1–2 (E.D. Ky. June 5, 2007)). Production pursuant to a Rule 17(c) request is appropriate if:

> (1) the documents are evidentiary and relevant; (2) the documents are not otherwise procurable reasonably in advance of sentencing by exercise of due diligence; (3) the requesting party cannot properly prepare for sentencing without such production and inspection in advance of sentencing and that the failure to obtain such inspection may tend unreasonably to delay the sentencing; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.* (quoting *Nixon*, 418 U.S. at 699); *see United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990) (listing the *Nixon* factors); *see also Al-Amin*, 2013 WL 3865079, at *10 ("the *Nixon* test is the appropriate standard" for issuance of a subpoena duces tecum). "Further, 'a subpoena duces tecum has additional requirements of relevance, admissibility[,] and specificity.'" *You*, 2024 WL 1404378, at *2 (quoting *In re Sittenfeld*, 49 F.4th 1061, 1077 (6th Cir. 2022) (other citation omitted and modified)).

Here, Defendant explains that he "spent a significant portion of his childhood in DCS custody" and submits that "[h]is records from this time will provide critical information as to his

3

childhood and upbringing, which the Court must consider in determining an appropriate sentence" [Doc. 18 p. 3]. He states that he "seeks these records for mitigation purposes" and avers that the records "are relevant to the sentencing factors set out in 18 U.S.C. § 3553[,] [s]pecifically, the 'history and characteristics of the defendant'" [*Id.*]. The motion relates that "[c]ounsel for [Defendant] cannot otherwise obtain these documents as they are in the sole control of DCS" [*Id.*].

The Court finds Defendant has satisfied the *Nixon* factors. Defendant submits that the DCS records will provide information as to his childhood and upbringing for the Court to consider in sentencing in accordance with 18 U.S.C. § 3553(a)(1) [*See* Doc. 18 p. 3]. Thus, Defendant has shown the records are evidentiary, relevant, and not requested as a part of a "fishing expedition." Defendant has also demonstrated that he cannot obtain the records without a subpoena, as he states that these documents are "in the sole control of DCS" [*Id.*]. Finally, Defendant requests his DCS records in the good-faith belief that the records will yield information that the Court should consider in sentencing. Thus, the Court finds that production in advance of sentencing through a subpoena duces tecum is appropriate in this case.

The motion also asks the Court to impose the attached, proposed Agreed Protective Order, pursuant to Federal Rules of Criminal Procedure 16(d)(1) and 49.1(e)(1). Rule 16(d)(1) permits the Court to "deny, restrict, or defer discovery or inspection" for good cause shown. Rule 49.1(e)(1) allows the Court to order the redaction of additional information, beyond the redaction of certain personal identifiers required by Rule 49.1,[2] also for good cause shown. DCS asks that the records be redacted "for the protection of any other minor identified, any victim information, or any material that may be subject to privilege" [Doc. 18 p. 1]. The motion states

---

[2] Rule 49.1(a) requires redaction of "an individual's social security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, a financial-account number, or the home address[.]" Fed. R. Crim. P. 49.1(a).

4

that DCS "agrees that it is appropriate for DCS to provide materials that are responsive to the subpoena request of the defendant, provided that the requested information is appropriate for disclosure under the Federal Rules of Criminal Procedure and that certain redactions are made" [*Id.*].

The motion further reflects that "DCS maintains that Tennessee law requires the confidentiality of Department's records" [Doc. 18 p. 1 (citing Tenn. Code Ann. §§ 10-7-504(a)(8), 37-1-409, 37-1-612, and 37-5-107)]. Defendant submits that "if the Court allows the appropriate redactions and the filing of a protective order, the documents will be within the exceptions for which Department records can be disclosed to the defendant" [*Id.* at 2 (citing to Tenn. Code Ann. § 37-1-612)]. Defendant contends "that upon approval of the requested protective order, . . . the records can be produced pursuant to Tenn. Code Ann. § 37-5-107(c)(7)" [*Id.*]. Section 37-5-107(c)(7) allows "[u]pon written request, [release of] records to any person who is the subject of a report made to the department[.]" *See also* Tenn. Code Ann. § 37-5-107(c)(2) (allowing release "[u]pon presentation of an appropriate court order, [of DCS] records to a . . . court"). DCS agrees that production of the requested records is "appropriate" with the redactions discussed above [Doc. 18 p. 1]. The proposed Agreed Protective Order is signed by counsel for Defendant and the Government.

The Court finds DCS has shown good cause for a protective order for the records produced to the Court. Accordingly, Defendant's motion [**Doc. 18**] is **GRANTED**. The Court has signed the Agreed Protective Order, which is attached to this Order. A copy of the Agreed Protective Order will accompany all copies of the DCS records.

Once DCS provides the requested records to the Court, the Clerk of Court will contact defense counsel to inspect and copy the records. The Court will retain the original records for use

5

at the sentencing hearing in this case.

In summary, the Court finds Defendant's motion is reasonable, specific, and satisfies the *Nixon* factors. The Court also finds that entry of the proposed protective order is appropriate in this case. Accordingly, the Court **ORDERS** as follows:

(1) Defendant Marcwell Mack McCoy's Motion for a Protective Order [**Doc. 18**] is **GRANTED**;

(2) The Clerk of Court is **DIRECTED** to provide a copy of this Order and the attached Agreed Protective Order to counsel for both parties;

(3) To the extent that the subpoena does not do so, it shall be modified to require that the requested records shall be produced to the Clerk of Court, at the Howard H. Baker, Jr. United States Courthouse, 800 Market Street, Suite 130, Knoxville, Tennessee 37902; and

(4) Upon receipt of the records, the Clerk of Court shall maintain the records **UNDER SEAL** pending sentencing and any appeal, shall notify the undersigned that the records have arrived, and shall notify counsel for Defendant McCoy that the records are available for inspection and copying; and

(5) A copy of the Agreed Protective Order will accompany all copies of the DCS records.

**IT IS SO ORDERED**.

ENTER:

*Debra C. Poplin*
_____
Debra C. Poplin
United States Magistrate Judge